IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

TRISTAN KING,

               Plaintiff,

v.                                                        Case No. 20-CV-505-JWB-CDL

LISA KENNEDY, as personal representative
for the Estate of Curtis Kennedy,

               Defendant.

## MEMORANDUM AND ORDER

Presently before the court are three motions filed by both parties.  Both parties move for partial summary judgment.  (Docs. 15, 25.)  Plaintiff additionally moves to certify a question to the Oklahoma Supreme Court.  (Doc. 36.)  For the reasons stated below, Defendant's motion for partial summary judgment is GRANTED, Plaintiff's motion for partial summary judgment is GRANTED IN PART, and Plaintiff's motion to certify is DENIED.[1]

## I.       BACKGROUND

This is an automobile accident case.  On January 9, 2019, Plaintiff and Curtis Kennedy were involved in a two-vehicle collision at an intersection in Bixby, Oklahoma.  Mr. Kennedy ran a stop sign and collided into Plaintiff's vehicle at high speed.

Plaintiff filed this lawsuit on May 14, 2020 in the Tulsa County district court.  (Doc. 2-2.)  Plaintiff brings negligence and negligence per se claims, alleging that he sustained a serious back injury as a direct result of Kennedy's negligent and/or reckless driving.  (*Id*.)  He seeks

---

[1] Both parties have also filed motions in limine.  (Docs. 47, 48.)  As explained below, Defendant's motion in limine is GRANTED with respect to evidence of the decedent's intoxication.  The motions are DENIED without prejudice with respect to the remaining issues.

compensatory and punitive damages.  Kennedy removed the action to federal court on October 5, 2020.  (Doc. 2.)

On August 27, 2021, Plaintiff filed a motion for partial summary judgment.  (Doc. 15.) Plaintiff contends that Mr. Kennedy's negligence can be established as a matter of law because Kennedy was driving while intoxicated with a blood alcohol content of 0.28 and he failed to stop at a stop sign.  Plaintiff also contends that he is entitled to summary judgment on his claim for punitive damages, arguing that he is entitled to them due to Kennedy's reckless disregard for the rights of others.

On September 17, 2021, Kennedy's counsel filed a suggestion of death as to Kennedy pursuant to Fed. R. Civ. P. 25.  (Doc. 16.)  Kennedy's death certificate indicates that he passed away on August 23, 2021.  (Doc. 25-1.)  On October 20, 2021, Lisa Kennedy, the personal representative for his estate, moved for an order substituting her for the decedent.  (Doc. 19.)  The then-assigned district judge granted the motion on October 21.  (Doc. 20.)  Thus, Lisa Kennedy is the named Defendant in this action.

On November 16, Defendant filed a motion for partial summary judgment as to Plaintiff's claim for punitive damages.  (Doc. 25.)  Defendant argues that under Oklahoma law, punitive damages may not be recovered from the estate of a deceased tortfeasor unless the claim is one for wrongful death.  *See Morriss v. Barton*, 190 P.2d 451, 459 (Okla. 1947) ("[W]here the defendant in a tort action dies after commencement of the action and before trial, his executors or administrators may not be held liable for exemplary damages."); Okla. Stat. Ann. tit. 12, § 1053(C) (permitting the recovery of punitive damages against "the person proximately causing the wrongful death or his representative if such person be deceased").

On January 31, 2022, Plaintiff filed a motion to certify a question of law to the Oklahoma Supreme Court.  (Doc. 36.)  Plaintiff seeks an order certifying the following question: "May a punitive damages claim proceed against a drunk driver's estate where the deceased defendant committed suicide during the pendency of the case."  (*Id*. at 1.)  Plaintiff contends that legislative and judicial developments in the years since *Morriss* was decided have called that decision into question.  Plaintiff also contends that public policy implications warrant the Oklahoma Supreme Court's consideration.

The case was reassigned to the undersigned on April 28, 2022.  (Doc. 43.)

## II.     LEGAL STANDARD

Summary judgment is appropriate if "the record, including depositions, documents . . . affidavits or declarations, stipulations. . . admissions, interrogatory answers, or other materials" establishes that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56; *see also Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 247 (1986).  The moving party bears the initial burden of establishing the absence of a genuine issue of fact.  *Celotex v. Catrett*, 477 U.S. 317, 323 (1986).  The burden then shifts to the nonmovant to demonstrate that genuine issues remain for trial.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).  The inquiry turns on "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  *Liberty Lobby*, 477 U.S. at 251-52.  In applying this standard, courts must view the evidence and all reasonable inferences from it in the light most favorable to the nonmovant.  *Matsushita*, 475 U.S. at 587.

## III.     ANALYSIS

### A.     Motion to Certify

The question at the center of this dispute is whether a right to punitive damages survives the death of the tortfeasor.  Plaintiff argues that this issue is suitable for certification because the Oklahoma Supreme Court last addressed this issue in 1947, and subsequent statutory amendments and developments have called the court's decision into question.  (Doc. 37 at 2-5 (citing *Morriss*, 190 P.2d 451.))  Defendant contends that certification is unnecessary because the law is not unsettled as *Morriss* has never been overturned and remains binding precedent.  (Doc. 40 at 3.)

In determining whether to certify a question to the Oklahoma Supreme Court, the court looks to both federal law and Oklahoma state law.  *See Pino v. United States*, 507 F.3d 1233, 1236 (10th Cir. 2007).  Pursuant to federal jurisprudence, the court will not certify every arguably unsettled question of state law to the relevant state supreme court—when the court sees a "reasonably clear and principled course, [it] will seek to follow it[.]"  *Id.* (citing *Armijo v. Ex Cam, Inc.*, 843 F.2d 406, 407 (10th Cir. 1988)).  However, guided by Oklahoma state law, the court will certify a question to the Oklahoma Supreme Court "in circumstances where the question [] (1) may be determinative of the case at hand and (2) is sufficiently novel that [the federal court] feel[s] uncomfortable attempting to decide it without further guidance."  *Id.*; *see also* Okla. Stat. tit. 20, § 1602 ("The Supreme Court . . . may answer a question of law certified to it by a court of the United States . . . if the answer may be determinative of an issue in pending litigation in the certifying court and there is no controlling decision of the Supreme Court or Court of Criminal Appeals, constitutional provision, or statute of this state.").  Ultimately, whether to certify a question to a state supreme court rests within the sound discretion of the federal court and "[c]ertification is never compelled, even when there is no state law governing an issue."  *Boyd Rosene & Assocs., Inc. v. Kan. Mun. Gas Agency*, 178 F.3d 1363, 1365 (10th Cir. 1999) (citing *Lehman Bros. v. Schein*, 416 U.S. 386, 390-91 (1974)).

Here, the court finds that certification is not necessary because it sees a "reasonably clear and principled course" to follow.  *Pino*, 507 F.3d at 1236.  Specifically, the court finds that despite being decided more than 75 years ago, *Morriss* is still good law and has not been overruled, abrogated, or called into question by any subsequent laws or cases.

In *Morriss*, the plaintiff brought suit for the willful destruction of production from an oil and gas lease and sought punitive damages.  *Morriss*, 190 P.2d at 454.  The defendant died during the pendency of the action.  *Id*.  The action was revived and amended as against the executors of the estate.  *Id*. at 455.  The district court held a bench trial, and the court rendered judgment for plaintiff in the sum of $17,283.75 actual and $5,000.00 punitive damages.  *Id*.  On appeal, the defendants argued the punitive damages award was error because exemplary damages may not be awarded against the personal representatives of a tortfeasor in such circumstances.  *Id*. at 459.

The Oklahoma Supreme Court agreed and reversed the punitive damages award.  The court reasoned that the "authorities seem to agree that where the defendant in a tort action dies after commencement of the action and before trial, his executors or administrators may not be held liable for exemplary damages."  The court explained that "the reason for the rule" was:

> At common law the action would have been abated upon the death of the defendant, and no recovery could have been had against her representative. The doctrine was that for a personal wrong the offender could not be followed into the grave, and the dead be visited with punishment. Our statutes have modified the common law to the extent of permitting a recovery against the representative of the deceased wrong-doer to an amount sufficient to compensate for the actual damage sustained by the injured party; but the realm of the dead is not invaded, and punishment visited upon the dead.

*Id*. at 459-60 (quoting *Hewellette v. George*, 9 So. 885, 887 (Miss. 1891)).  The Oklahoma Supreme Court noted that every case that had addressed the issue had reached the same conclusion, and "there appear to be none to the contrary."  *Id*. at 460.

5

However, a split of authority has developed in the years since *Morriss* was decided.  Indeed, several jurisdictions have now held that punitive damages may be recovered from a deceased tortfeasor's estate.  *See* Barry A. Lindahl, 2 *Modern Tort Law: Liability and Litigation* § 20:24 n.13 (2d ed. 2022) (citing cases).  Some of the courts have permitted punitive damages where one of the purposes of punitive damages under the applicable law was to "compensate the injured party."  *Id*.; *see also Crabtree ex rel. Kemp v. Estate of Crabtree*, 837 N.E.2d 135 (Ind. 2005) (citing cases).  "A few other courts have held that a punitive damages claim is maintainable against the estate of a tortfeasor, on the grounds that allowance of such claims would serve as a warning to deter others from engaging in similar conduct or would serve to encourage others to sue or to provide additional compensation."  *Id*.  However, these cases represent the minority position.  *Id*. at n.2.

Plaintiff contends that the *Morriss* Court was only concerned with visiting punishment upon the dead because the purpose of punitive damages was, at the time, to punish the tortfeasor.  (Doc. 37 at 2-3.)  But, according to Plaintiff, the Oklahoma legislature has since announced that punitive damages may serve as more than a mere punishment.  Specifically, Plaintiff cites the Oklahoma legislature's enactment of 23 O.S. § 9.1 in 1995.  This provision provides that "the jury, in addition to actual damages, may . . . award punitive damages *for the sake of example* and by way of punishing the defendant."  Okla. Stat. Ann. tit. 23, § 9.1 (emphasis added).  Plaintiff contends that the "for the sake of example" language was added to reflect "society's changing view of the primary purpose of punitive damages."  (Doc. 37 at 3.)  *See also Tillett v. Lippert*, 909 P.2d 1158, 1162 (Mont. 1996) (holding that punitive damages can be awarded against the estate of a tortfeasor where state law indicated that punitive damages served two purposes: to set an

example and to punish the wrongdoer).  Plaintiff thus argues that the Oklahoma Supreme Court should revisit the issue to address this new purpose.

The court disagrees.  Contrary to Plaintiff's assertions, the "for the sake of example" language was not added in 1995 to reflect Oklahoma's *new* view on the purpose of punitive damages.  In fact, Oklahoma has used this same statutory language since at least 1893.  *See Tootle v. Kent*, 73 P. 310, 315 (Okla. 1903) ("And section 2617 of our Statutes of 1893 lays down the following rule as to exemplary or punitive damages: 'In any action for the breach of an obligation not arising from contract . . . the jury, in addition to the actual damages, may give damages *for the sake of example*, and by way of punishing the defendant.'" (emphasis added)).  This provision was specifically codified at Title 23, § 9 from at least 1931 until § 9 was repealed and replaced with § 9.1 in 1995.[2]  *See Schuman v. Chatman*, 86 P.2d 615, 617-18 (Okla. 1938) (quoting Okla. Stat. Ann. tit. 23, § 9 (1931)) ("In any action for the breach of an obligation not arising from contract . . . the jury, in addition to the actual damages, may give damages for the sake of example, and by way of punishing the defendant.").

Thus, when *Morris* was decided, it was already well established that one of the purposes of punitive damages is to set an "example" to deter others from engaging in similar conduct.  *See* Okla. Stat. Ann. tit. 23, § 9 (1931).  While the Oklahoma Supreme Court did not specifically discuss deterrence in *Morriss*, it was certainly aware of the law and the dual purposes of punitive damages.  *See Main v. Levine*, 118 P.2d 252, 255 (Okla. 1941) (acknowledging that the purposes of punitive damages are "punishment imposed for the benefit of society, as a restraint upon the

---

[2] The court notes that the pre-1995 statute permitted punitive damages upon a showing of "oppression, fraud or malice, actual or presumed."  *See* Okla. Stat. Ann. tit. 23, § 9 (1931).  The new statute permits punitive damages upon a showing by "clear and convincing evidence" that the defendant acted "intentionally and with malice" or "reckless disregard" for the rights of others.  *See* Okla. Stat. Ann. tit. 23, § 9.1(A)-(D).  Plaintiff does not cite this distinction or argue that it has any effect on the *Morriss* Court's holding or rationale.

transgressor, and as a warning and example to deter him and others from committing like offenses in the future").  The *Morriss* Court obviously found that any potential deterrence was insufficient to warrant the recovery of punitive damages against a tortfeasor's estate.  This is still the majority view.  *See, e.g.*, *Crabtree ex rel. Kemp*, 837 N.E.2d at 139 ("We recognize that punitive damages may serve a dual purpose of punishment of the tortfeasor and deterrence to others.  We think, however, there is little, if any, additional deterrence supplied by the prospect that one's estate may be liable for punitive damages if one does not survive."); *Lohr v. Byrd*, 522 So.2d 845, 846 (Fla. 1988) (finding that it is "unrealistic" to suppose that punitive damage awards against a tortfeasor's estate would deter other prospective tortfeasors, because such an award does not punish the wrongdoer, but "is diffused and unjustly inflicted upon the innocent" heirs); *Matter of GAC Corp.*, 681 F.2d 1295, 1301 (11th Cir. 1982) ("[F]uture wrongful conduct will not be deterred when the punitive damages are paid from the wrongdoer's estate rather than from his own pocket.").

Moreover, in 1978, the Oklahoma legislature specifically created a limited exception to *Morriss* when it amended the state's wrongful death statute to permit the recovery of punitive damages against "the person proximately causing the wrongful death *or his representative if such person be deceased*."  Okla. Stat. Ann. tit. 12, § 1053(C) (emphasis added); *see also In re Air Crash Disaster Near Chicago, Ill. On May 25, 1979*, 644 F.2d 594, 627 n.40 (7th Cir. 1981) (noting that in 1978, Oklahoma's wrongful death statute was expanded to permit the recovery of compensatory and punitive damages against the alleged tortfeasor "or his representative if such person be deceased").  Had the legislature intended to overrule *Morriss* in its entirety, it could have easily authorized recovery against a deceased tortfeasor's estate for claims other than wrongful death.  The legislature's failure to do so is indicative of its intent to leave the law as it stands with respect to the recovery of punitive damages for simple negligence claims.  *See Phelps v. Hamilton*,

59 F.3d 1058, 1071 (10th Cir. 1995) (stating that courts must assume that the legislature, in amending a statute, was fully aware of the subject matter of the statute, prior and existing legislation, and relevant judicial decisions); *Rogers v. Meiser*, 68 P.3d 967, 973 (Okla. 2003) ("[T]he common law may not be abrogated by mere implication; rather, its alteration must be clearly and plainly expressed by the Legislature.").

Accordingly, Plaintiff has failed to demonstrate that this is an unsettled question of law.[3] The court thus denies Plaintiff's motion to certify.

### B.     Motions for Partial Summary Judgment

Both parties move for summary judgment on the issue of whether punitive damages are available to Plaintiff.  (Doc. 15 at 11; Doc. 25 at 3.)  Plaintiff additionally contends that he is entitled to summary judgment on the elements of negligence.

### 1.     Punitive damages

First, the court finds that Defendant is entitled to summary judgment on Plaintiff's punitive damages claim.  As stated above, the Oklahoma Supreme Court has held that "where the defendant in a tort action dies after commencement of the action and before trial, his executors or administrators may not be held liable for exemplary damages."  *Morriss*, 190 P.2d at 459; *see also McManus v. Gourd*, 873 P.2d 1060, 1062 n.2 (Okla. Civ. App. 1994) (stating that under *Morriss*, award of punitive damages against the decedent's estate was "improper," but declining to address the issue because it was not cited as error on appeal).  The only exception is for wrongful death

---

[3] Plaintiff also argues that public policy implications warrant consideration by the Oklahoma Supreme Court.  (Doc. 37 at 5.)  The court does not believe that public policy grounds are sufficient to warrant certification when there is a controlling decision on the issue.  *See* Okla. Stat. tit. 20, § 1602 (stating that a certification is proper if there is no "controlling decision of the [Oklahoma] Supreme Court").  Indeed, it is the Oklahoma Legislature, not the Supreme Court, that is responsible for declaring public policy in the state.  *See Griffin v. Mullinix*, 947 P.2d 177, 179 (Okla. 1997) (stating that the Oklahoma legislature is "primarily vested with the responsibility to declare the public policy of this state"); *In re Anderson*, 932 P.2d 1110, 1115 (Okla. 1996) (stating that the Oklahoma Supreme Court "does not sit as a council of revision, empowered to rewrite legislation in accord with its own conception of prudent public policy").

claims.  Okla. Stat. Ann. tit. 12, § 1053(C) (permitting the recovery of punitive damages against "the person proximately causing the wrongful death or his representative if such person be deceased").

Here, it is uncontroverted that Curtis Kennedy, the alleged tortfeasor, died after commencement of this action.  (Doc. 25-1.)  Lisa Kennedy, the personal representative for his estate, has been substituted in his place.  (Doc. 20.)  And Plaintiff does not bring a wrongful death claim, so 12 O.S. § 1053(C) does not apply.  Accordingly, the court finds that punitive damages are not recoverable as a matter of law.  *See Noll v. Apex Surgical, LLC*, 2010 WL 2813430, at *8 (W.D. Okla. 2010) (granting summary judgment where "the record does not support recovery of punitive damages").

### 2.     Duty and Breach

Next, Plaintiff moves for summary judgment as to the decedent's duty and breach.[4]  Under Oklahoma law, three elements are required to succeed on a negligence claim: "1) a duty owed by the defendant to protect the plaintiff from injury; 2) a failure to perform that duty; and 3) injuries to the plaintiff which are proximately caused by the defendant's failure to exercise the duty of care."  *Smith v. City of Stillwater*, 328 P.3d 1192, 1200 (Okla. 2014).  Plaintiff contends that Kennedy was negligent per se by driving while intoxicated and failing to stop at a stop sign.  Okla. Stat. Ann. tit. 47, § 11-902(A)(1) (stating that it is unlawful to drive a vehicle while having a blood or breath alcohol concentration of eight-hundredths (0.08) or more); Okla. Stat. Ann. tit. 47, § 11-201 (requiring motorists to stop for traffic control devices such as stop signs).

---

[4] Plaintiff also devotes a section of his brief to arguing that Defendant's intoxication was the proximate cause of the wreck.  (Doc. 15 at 9-10.)  In his response, Defendant argues that summary judgment on causation is not appropriate because Plaintiff failed to present any evidence of bodily injury caused by the accident, as opposed to pre-existing or post-collision injury/condition.  (Doc. 24 at 14.)  But Plaintiff clarifies in his reply that he is "not seeking summary judgment on the causation element of the negligence tort. Plaintiff only seeks summary judgment on the duty and breach of the duty and punitive damages."  (Doc. 30 at 8.)  Accordingly, the court declines to address the causation issue at this time.

In her response, Defendant stipulates "to the decedent's breach of his duty to stop at an intersection controlled by stop signs in violation of 47 O.S. § 11-201, and therefore consents to a partial summary judgment in the Plaintiff's favor as to liability for negligence on those grounds." (Doc. 24 at 13.)  But Defendant contends that Plaintiff's motion should be denied with respect to Plaintiff's alternative theory of negligence (i.e., decedent's intoxication) since negligence has been admitted and punitive damages are not available.  (*Id.* at 5.)  Defendant also moves to exclude evidence of the decedent's alcohol and drug use prior to the collision, conduct at the scene, and criminal and administrative charges afterwards.  (Doc. 47 at 7.)

Here, the court agrees with Defendant.  Defendant stipulates to the decedent's breach of his duty to stop at an intersection controlled by stop signs in violation of 47 O.S. § 11-201. Accordingly, Plaintiff is entitled to summary judgment as to Defendant's breach and negligence, as there is no genuine dispute of material fact.  *See Keneipp v. MVM, Inc.*, 267 F. Supp. 3d 1317, 1325 (N.D. Okla. 2017) (granting summary judgment to plaintiff as to the defendant's business necessity defense where the defendant stipulated it could not meet either legal requirement for the defense to apply).

As a result, Plaintiff's alternative theory of liability has been rendered superfluous and unnecessary.  Evidence of the decedent's intoxication is only relevant to the issues of the decedent's duty, breach, and punitive damages.  However, the decedent's duty and breach have been established based on Defendant's stipulation.  And the court has concluded that punitive damages are not recoverable as a matter of law, so the decedent's intoxication cannot impose any further liability on Defendant.  The court thus finds that evidence of the decedent's intoxication is not relevant to the only issues remaining for trial, i.e., causation and damages.[5]  *See Jordan v.*

---

[5] Plaintiff contends that "the decedent's delayed reaction due to intoxication is directly relevant to the *causation* [of] Plaintiff's injuries, which Defendants strongly contest." (Doc. 50 at 2 (emphasis in original.))  The court disagrees.

*Cates*, 935 P.2d 289, 293 (Okla. 1997) (holding that employer was entitled to summary judgment on plaintiff's negligent hiring and retention theory of liability when employer stipulated to liability for employee's intentional tort under respondeat superior doctrine, reasoning that the negligent hiring theory of liability was unnecessary and superfluous as it would impose no further liability on employer since respondeat superior doctrine also includes liability for punitive damages); *see also* Wright & Miller, 22 Fed. Prac. & Proc. Evid. § 5164 (2d ed. 2022) (explaining that when a defendant makes a strategic decision to admit liability for causing automobile accident, evidence of a defendant's drunk driving is inadmissible unless punitive damages are at issue); *Anderson v. Amundson*, 354 N.W.2d 895, 899 (Minn. Ct. App. 1984) (where the defendant admits he is liable, evidence that he was drunk at the time of the accident is irrelevant to compensatory damages, but is relevant to claim for punitive damages).

Accordingly, the court denies Plaintiff's motion for partial summary judgment and grants Defendant's motion in limine with respect to the issue of the decedent's intoxication.[6]

### C.    Proposed Pretrial Order and Pretrial Conference

Finally, the court notes that the parties' proposed Pretrial Order is deficient in two respects. First, the parties' factual contentions provide no discussion of the evidence that they intend to present at trial.   It is not necessary to recite every factual nuance and identify every item of

---

Defendant admits that the decedent's negligent conduct caused the accident.   Evidence that the decedent was intoxicated when he engaged in that conduct could not make its causal effect any greater.  *See, e.g.*, *Gerlach v. Cove Apartments, LLC*, 471 P.3d 181, 125-26 (Wash. 2020) (en banc) ("But the BAC results are not relevant to questions of causation and fault because these questions turn on evidence of a plaintiff's behavior, not intoxication status."); *Lasley v. Combined Transport, Inc.*, 261 P.3d 1215, 1219-22 (Ore. 2011) (en banc) (holding that evidence of intoxication of driver who drove into a pickup that was stopped in traffic was irrelevant to the issue of causation at a trial where colliding driver admitted that her conduct had the effect of killing pickup driver, since evidence that colliding driver was intoxicated when she engaged in that conduct could not make its casual effect any greater).

[6] The court declines to address the other issues raised by the parties' motions in limine.  It appears that many of these arguments have been rendered moot or need to be revised based on the rulings set forth herein.  Accordingly, the court may permit the parties to file an additional round of motions in limine if they request leave to do so during the Pretrial Conference.

evidence.  But the factual contentions must provide a sufficiently specific narrative that, if supported by the evidence, each claim and defense asserted could withstand a dispositive motion.

Second, Plaintiff simply states that he is seeking damages "[i]n excess of $75,000." Plaintiff must state with specificity, based on the evidence Plaintiff intends to present at trial, the dollar amount of the damages allegedly sustained, including a computation and/or itemization of those damages.

The court thus orders the parties to jointly draft a revised proposed Pretrial Order which is due by March 31, 2023.  Defense counsel to submit the parties' proposed Pretrial Order in Word format as an attachment to an email sent to ksd_broomes_chambers@ksd.uscourts.gov.  The proposed pretrial order must not be filed with the clerk's office.  Additionally, the proposed Pretrial Order shall conform to the court's summary judgment rulings set forth herein.

Finally, a pretrial conference is scheduled for April 20, 2023 at 9:00 a.m.  The pretrial conference shall be by phone, except that if any party wishes instead to appear in person for the conference, that party shall notify the opposing party and the court by email no later than one week before the conference.  Anyone appearing by phone should dial 888-363-4749.  When prompted for an access code, enter 4983860.

## IV.   CONCLUSION

IT IS THEREFORE ORDERED that Defendant's motion for partial summary judgment on the issue of Plaintiff's punitive damages claim (Doc. 25) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's motion for partial summary judgment (Doc. 15) is GRANTED in part and DENIED in part.  The motion is granted as to the decedent's breach of his duty to stop at an intersection controlled by stop signs in violation of 47 O.S. § 11-201.  The motion is denied as to the remaining issues.

IT IS FURTHER ORDERED that Plaintiff's motion to certify a question to the Oklahoma Supreme Court (Doc. 36) is DENIED.

IT IS FURTHER ORDERED that Defendant's motion in limine (Doc. 47) is GRANTED in part and DENIED in part.  The motion is granted with respect to the issue of the decedent's intoxication.  It is denied without prejudice as to the other issues.

IT IS FURTHER ORDERED that Plaintiff's motion in limine (Doc. 48) is DENIED without prejudice.

IT IS FURTHER ORDERED that Defense counsel shall submit the parties' proposed Pretrial Order in Word format as an attachment to an email sent to ksd_broomes_chambers@ksd.uscourts.gov by March 31, 2023.

IT IS FURTHER ORDERED that a pretrial conference is scheduled for April 20, 2023 at 9:00 a.m.  The pretrial conference shall be by phone, except that if any party wishes instead to appear in person for the conference, that party shall notify the opposing party and the court by email no later than one week before the conference.  Anyone appearing by phone should dial 888-363-4749.  When prompted for an access code, enter 4983860.

IT IS SO ORDERED.  Dated this 16th day of March, 2023.

_s/ John W. Broomes_____
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE